927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold F. HOFFMAN, Defendant-Appellant.
 No. 88-5686.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 10, 1990.
Decided March 8, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-86-54-2)
 Arthur T. Ciccarello and Robert Paul Martin, Lewis, Ciccarello & Friedberg, Charleston, W.V., for appellant.
 Michael W. Carey, United States Attorney, Larry Robert Ellis, Assistant United States Attorney, Office of the United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hoffman was convicted after trial by jury on July 9, 1986 on 14 counts of an indictment. Seven counts of the indictment were for mail fraud under 18 U.S.C. Secs. 1341 and 2, and seven counts of the indictment were for making false statements under 18 U.S.C. Secs. 1001 and 2.
 
 
 2
 No appeal was taken from the conviction.
 
 
 3
 Later, upon a revocation of probation, a writ of coram nobis was filed in which the convictions were attacked under McNally v. United States, 483 U.S. 350 (1987).
 
 
 4
 The district court, having instructed the jury on the mail fraud counts that mail fraud might include a scheme in conflict with standards of moral uprightness, fundamental honesty, fair play, and right dealing and that depriving an employer of one's honest service, etc., might constitute a scheme to defraud, granted the writ as to the mail fraud convictions.
 
 
 5
 The district court noted, however, that the conviction on the counts of the indictment for making false statements was not based on any theory prohibited by McNally, but was based on the charge that Hoffman had made or caused to be made, or used or caused to be used, a writing or document which was false as to a material fact in relation to a matter within the jurisdiction of a department of the United States. That court was of opinion that there was no overlap between the elements of the two types of offenses charged, the essence of the mail fraud charge being the execution of a scheme to defraud by use of the mails, and the essence of the false statement charge being the making of the false statement as to a material fact. We agree with the district court.
 
 
 6
 Hoffman argues that there is enough similarity in the charges, however, so that the mail fraud charges are bound to have spilled over and tainted the false statement charges. Even if the district court had not instructed the jury in a contrary manner, as we set forth below, we would not agree. But, in any event, the district court instructed the jury that they should give separate and independent consideration to each count of the indictment and as to each count, return its verdict of guilty or not guilty depending on whether every element of the offense had been proven beyond a reasonable doubt. Any possible confusion was thus eliminated.
 
 
 7
 We thus agree with the district court there is no merit to the petition for coram nobis with respect to the counts in the indictment for making false statements under 18 U.S.C. Secs. 1001 and 2.
 
 
 8
 For the reasons expressed by the district court in its opinion, the judgment of the district court is
 
 
 9
 AFFIRMED.